

NUMBER 13-11-00694-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

WILLIAM SMITH A/K/A
BILL SMITH,                                                        Appellant,

v.

THE STATE OF TEXAS,                                               Appellee.

On appeal from the 94th District Court
of Nueces County, Texas.

# ABATEMENT ORDER

**Before Justices Garza, Benavides, and Perkes**
**Order Per Curiam**

This appeal has been briefed and was submitted to the Court at oral argument on February 7, 2013. The Court further granted leave for appellant to supplement his brief based on the April 17, 2013 decision by the United States Supreme Court in *Missouri v. McNeely* that the natural metabolization of alcohol in the bloodstream does not present a

per se exigency that justifies an exception to the Fourth Amendment's warrant requirement for nonconsensual blood testing in all drunk-driving cases, and that exigency in this context must be determined on a case-by-case basis on the totality of the circumstances. *See Missouri v. McNeely*, 133 S. Ct. 1552, 1556, 185 L.Ed.2d 696, 2013 U.S. LEXIS 3160 (2013). This cause is once again before the Court due to the January 13, 2014 decision by the United States Supreme Court to grant the petition for writ of certiorari and vacate the judgment in *Aviles v. State*, 385 S.W.3d 110, 115 (Tex. App.—San Antonio, pet. ref'd), for further consideration in light of *Missouri v. McNeely*. *See Aviles v. Tex.*, No. 13-6353, 2014 WL 102362 (U.S. Jan. 13, 2014).

Texas Rule of Appellate Procedure 38.7 provides that "[a] brief may be amended or supplemented whenever justice requires, on whatever reasonable terms the court may prescribe." TEX. R. APP. P. 38.7. Given the dimension of the constitutional issue raised in this case and the intervening changes in the legal landscape since this case was submitted to the Court, the Court has determined that additional briefing is necessary for the proper submission of this cause. Accordingly, the Court hereby requests supplemental briefing from the parties regarding: (1) whether the Texas Department of Public Safety Trooper's David Anguiano's seizure of appellant's blood under Texas Transportation Code section 724.012(b)(3), Texas's mandatory blood draw statute, was constitutional as applied under the Fourth Amendment as interpreted by *McNeely v. Missouri*; (2) how, if at all, this case is distinguishable from *Aviles v. State*, 385 S.W.3d 110 (Tex. App.—San Antonio 2012, pet. ref'd), and (3) the impact, if any, of the United

2

States Supreme Court's action in granting certiorari and vacating *Aviles v. State* on this case.

Appellant's supplemental brief shall be filed within twenty-one days from the date of this order, and appellee's supplemental brief, if any, shall be filed within fourteen days thereafter. This appeal is ABATED and removed from the Court's active docket until receipt of the requested briefing.

IT IS SO ORDERED.

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
13th day of February, 2014.