

# IN THE
## TENTH COURT OF APPEALS

### No. 10-13-00109-CR

**MICHAEL MCGRUDER,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the 85th District Court
### Brazos County, Texas
### Trial Court No. 11-05822-CRF-85

### DISSENTING OPINION

At least six of our sister courts, based on *Missouri v. McNeely*, 133 S.Ct. 1552, 1556, 185 L.Ed.2d 696 (2013) and the Supreme Court's treatment of *Aviles v. State*, 385 S.W.3d 110 (Tex. App.—San Antonio 2012, pet. ref'd), *vacated*, 134 S.Ct. 902, 187 L.Ed.2d 767 (2014), *op. on remand*, --- S.W.3d ---, 2014 WL 3843757 (Tex. App.— San Antonio Aug. 6, 2014, no pet. h.), have held that a warrantless, nonconsensual blood draw under Transportation Code section 724.012(b), absent exigent circumstances, violates the Fourth Amendment. *Forsyth v. State*, --- S.W.3d ---, ---, 2014 WL 3865777, at *8 (Tex.

App.—Eastland July 31, 2014, no pet. h.); *Weems v. State,* --- S.W.3d ---, ---, 2014 WL 2532299, at *8 (Tex. App.—San Antonio May 14, 2014, pet. filed); *Holidy v. State,* No. 06-13-00261-CR, 2014 WL 1722171, at *4 (Tex. App.—Texarkana Apr. 30, 2014, pet. filed) (mem. op., not designated for publication); *Reeder v. State,* 428 S.W.3d 924, 930 (Tex. App.—Texarkana 2014, pet. filed); *Sutherland v. State,* --- S.W.3d ---, ---, 2014 WL 1370118, at *10 (Tex. App.—Amarillo Apr. 7, 2014, pet. filed); *State v. Villareal,* --- S.W.3d ---, ---, 2014 WL 1257150, at *11 (Tex. App.—Corpus Christi Jan. 23, 2014, pet. granted); *see also Douds v. State,* --- S.W.3d ---, 2014 WL 2619863 (Tex. App.—Houston [14th Dist.] June 5, 2014, pet. filed). *But see Perez v. State,* --- S.W.3d ---, ---, 2014 WL 943126, at *7 (Tex. App.—Houston [1st Dist.] Mar. 11, 2014, no pet. h.) (mot. for reh'g and mot. for en banc reh'g pending) ("We conclude that the warrantless taking of appellant's blood sample in compliance with Transportation Code section 724.012(b) did not violate his Fourth Amendment rights by requiring him to submit to a warrantless blood test without his consent."); *see id.* (also holding that appellant failed to raise constitutionality of statute in trial court).

While it appears that no court has explicitly passed on the facial constitutionality of section 724.012(b),[1] some have criticized the statute from a Fourth-Amendment perspective with language that I believe indicates a facial problem with the statute:

---

[1] The majority quotes two sentences in a footnote from *Douds* that appear to be dicta. *See Douds,* --- S.W.3d at --- n.24, 2014 WL 2619863, at *15 n.24. In *Sutherland,* the appellant presented an apparent facial challenge: "In the absence of exigent circumstances or consent[,] does Section 724.012(b)(3)(B) violate the Texas and United States constitutional prohibitions against unreasonable searches and seizures where the statute requires law enforcement officers to seize a specimen of a DWI arrestee's blood without a search warrant in all cases where the officer believes the arrestee has been previously convicted of DWI two or more times." *Sutherland,* --- S.W.3d at ---, 2014 WL 1370118, at *3. But the court did not make an explicit

- *Forsyth,* --- S.W.3d at ---, 2014 WL 3865777, at *7 ("we decline to hold that mandatory blood draws under the Texas Transportation Code are per se reasonable and further decline to hold that an officer is not required to obtain a warrant for the blood draw or show that the blood draw was conducted under a recognized exception to the warrant requirement.").

- *Holidy,* 2014 WL 1722171, at *1 ("This appeal involves the sole question of the constitutionality of taking and testing blood under the implied consent provisions of Section 724.012(b)(3)(B)… . Because we are constrained by principles recently enunciated by the United States Supreme Court, we reverse the conviction herein based on the unconstitutionality of the statute and remand this case for a new trial.").

- *Sutherland,* --- S.W.3d at ---, 2014 WL 1370118, at *10 ("To the extent that Section 724.012(b)(3)(B) can be read to permit, nonetheless, a warrantless seizure of a suspect's blood in the absence of such exigent circumstances or the suspect's consent, it runs afoul of the Fourth Amendment's warrant requirement.").

Section 724.012(b) does not explicitly require an officer to obtain a blood or breath sample without a warrant, but it also does not instruct an officer to obtain a warrant in the absence of exigent circumstances. And the common facts in our sister courts' opinions and in this case are that the officer did not obtain a warrant solely because of section 724.012(b) and did compel or forcibly obtain a blood sample without the defendant's consent solely because of section 724.012(b):[2]

---

facial review of the statute. And in *Forsyth*, the appellant failed to assert a facial complaint in the trial court. *Forsyth,* --- S.W.3d at --- n.1, 2014 WL 3865777, at *1 n.1.

[2] In *Beeman*, the court of criminal appeals did state: "This does not give officers the ability to forcibly obtain blood samples from anyone arrested for DWI." *Beeman v. State,* 86 S.W.3d 613, 616 (Tex. Crim. App. 2002). But the context of that sentence is important:

> The dissent implies that we have given carte blanche to officers to draw blood in every single DWI case. But we have given police officers nothing more than the Constitution already gives them—the ability to apply for a search warrant and, if the magistrate finds probable cause to issue that warrant, the ability to effectuate it. *This does not give officers the ability to forcibly obtain blood samples from anyone arrested for DWI.* Instead, it gives officers the ability to present an affidavit to a magistrate in every DWI case, just like every other criminal offense. Whether any search ultimately occurs rests, as always, in the hands of the neutral and detached magistrate.

- *Forsyth,* --- S.W.3d at ---, 2014 WL 3865777, at *2 ("A criminal history check and Appellant's own admissions revealed that Appellant had two prior convictions for DWI. Appellant refused to submit to a breath or blood test. Relying on Section 724.012 of the Texas Transportation Code, Officer McDaniel transported Appellant to Brackenridge Hospital for a mandatory blood draw. … Officer McDaniel acknowledged that there were magistrates available to issue a search warrant twenty-four hours a day, but stated that he could not have secured a warrant because that 'is not what you do according to law or policy.'").

- *Weems,* --- S.W.3d at ---, 2014 WL 2532299, at *1, 3 ("No warrant was procured for the blood draw. … In this case, Officer Bustamante testified that the blood draw was administered because a person other than Weems suffered bodily injury and was transported to a hospital for medical attention. The State also points out that the THP–51 form, which was admitted in evidence, indicates that the blood draw was also ordered because Weems had two prior DWI convictions.").

- *Douds,* --- S.W.3d at ---, 2014 WL 2619863, at *1, 3 ("Officer Tran took the appellant to a local medical center, Texas Emergency Care, for a mandatory blood draw. Officer Tran testified his decision to obtain a blood draw was based on his reasonable belief that section 724.012 of the Texas Transportation Code had been satisfied and allowed him to do so. … Nothing in the record suggests that any officer attempted to obtain a warrant authorizing the blood draw at any point. Indeed, the evidence does not mention a warrant at all. … Officer Tran testified that he ordered the mandatory blood draw under the authority of section 724.012 of the Texas Transportation Code.").

- *Holidy,* 2014 WL 1722171, at *1 & n.2 (defendant, who had two prior DWI convictions, "was told by officers that he had no choice, so he 'didn't argue' with them about the blood draw").

- *Reeder,* 428 S.W.3d at 926 (after defendant, who had two prior DWI convictions, "refused to give his consent to have his blood drawn and tested for alcohol, law enforcement officials took a blood specimen anyway and tested it under the authority of Section 724.012(b)(3)(B)").

*Id.* (emphasis added). This statement is therefore inapplicable to the warrantless blood draw cases where the officers have been forcibly obtaining blood samples without warrants under the alleged authority of the statute. And because *Beeman* involved a warrant, its language about warrantless blood draws is dicta. *See Weems,* --- S.W.3d at ---, 2014 WL 2532299, at *3-4. Moreover, as intimated by the San Antonio court in *Weems,* the dicta in *Beeman* is likely not viable after *McNeely. See id.,* --- S.W.3d at ---, 2014 WL 2532299, at *4 ("[w]e relied on this dicta in *Beeman* in *Aviles*"); *see also Forsyth,* --- S.W.3d at ---, 2014 WL 3865777, at *4 ("court's explanation of implied consent law in *Beeman* is dicta"); *id.* ("Furthermore, the implied consent statute, at the time *Beeman* was issued, did not contain a provision directing officers to take the blood of a DWI arrestee that had previously twice been arrested for DWI.").

- *Sutherland,* --- S.W.3d at ---, 2014 WL 1370118, at *1 ("[Officer] Housmans testified that, as justification for the warrantless blood draw, he relied solely on the provision in the Texas Transportation Code that requires him to obtain a sample of a suspect's blood whenever he learns that the individual has been convicted two or more times of driving while intoxicated.").

- *Id.,* --- S.W.3d at ---, 2014 WL 1370118, at *2 ("Housmans conceded, too, that he did not seek out a magistrate the night appellant was arrested; it was Housmans's understanding of Section 724.012 that he was not required to do so. In fact, Housmans testified that he understood Section 724.012 as placing upon him a duty to take appellant for a mandatory blood draw under the circumstances presented to him the night appellant was arrested: 'I have no discretion. The statute says I shall.' To fail to do so, he testified, would mean that he "would be violating the law.").

- *Villareal,* --- S.W.3d at ---, 2014 WL 1257150, at *11 ("The officer's sole basis for not getting a warrant was that the repeat offender provision of the mandatory blood draw law required him to take a blood sample without appellee's consent and without the necessity of obtaining a search warrant.").

Plainly, the statute's silence on warrants explains the officers' views that the statute authorizes them to compel warrantless blood draws. *See Forsyth,* --- S.W.3d at ---, 2014 WL 3865777, at *2 ("Officer McDaniel acknowledged that there were magistrates available to issue a search warrant twenty-four hours a day, but stated that he could not have secured a warrant because that 'is not what you do according to law or policy.'").

Because of the statute's silence on warrants and the indisputable practice of warrantless blood draws based solely on the silent statute, and based on the Texas progeny of *McNeely* that border on a finding of facial unconstitutionality, I cannot agree with the majority that McGruder's facial challenge to section 724.012(b) fails. *See Holidy,* 2014 WL 1722171, at *1 ("we reverse the conviction herein based on the unconstitutionality of the statute"); *see also State v. Baker,* No. 12-12-00092-CR, 2013 WL

5657649, at *4 (Tex. App.—Tyler June 5, 2013, pet. granted) (mem. op., not designated for publication) (citing *State v. Mosely*, 348 S.W.3d 435, 442 (Tex. App.—Austin 2011, pet. ref'd), for the proposition that "Chapter 724 does not authorize what the constitution forbids and cannot authorize an involuntary draw when the constitution forbids it").

Accordingly, I respectfully dissent.


REX D. DAVIS
Justice

Dissenting opinion delivered and filed August 14, 2014
Publish