

# IN THE
# TENTH COURT OF APPEALS

### No. 10-13-00109-CR

**MICHAEL ANTHONY MCGRUDER,**

           **Appellant**

 **v.**

**THE STATE OF TEXAS,**

           **Appellee**

---

### From the 85th District Court
### Brazos County, Texas
### Trial Court No. 11-05822-CRF-85

---

## OPINION

---

Michael Anthony McGruder was convicted of the offense of driving while intoxicated, a felony offense, and sentenced to 30 years in prison. *See* TEX. PENAL CODE ANN. § 49.04 (West 2011). Because section 724.012(b)(3)(B) of the Texas Transportation Code is not unconstitutional, we affirm the trial court's judgment.

**BACKGROUND**

In September of 2011, McGruder was stopped by a College Station police officer

because McGruder's pickup matched the description of a suspicious vehicle in the area. After McGruder got out of his pickup, the officer who initially stopped McGruder and another officer who had arrived at the scene noted that, even from a distance, McGruder smelled of alcohol. McGruder responded to questioning by the officers and gave "nonsensical" and conflicting answers. He also refused to perform any field sobriety exercises. McGruder was arrested and refused to submit to a breath or blood test. After McGruder's pickup was inventoried and towed, McGruder was taken to the police department where an officer began to prepare a search warrant to obtain a sample of McGruder's blood. During the process of preparing the warrant, the officer learned that McGruder had two prior DWI convictions. At that time, the officer discontinued preparing the warrant and began working on the "mandatory blood draw" paperwork. The officer testified that a blood draw becomes mandatory when a DWI suspect has two prior DWI convictions. McGruder was then taken to the hospital and his blood was drawn.

**OBJECTION AND ISSUE**

At his trial in 2013, McGruder objected to the State's introduction of the blood draw kit and the blood draw vial on the basis that section 724.012 of the Texas Transportation Code, the section which contains the mandatory blood draw provision,

is unconstitutional in that it allows for the seizure of evidence without a warrant.[1]  The trial court overruled his objection.  On appeal, McGruder contends in one issue that, absent exigent circumstances or consent, section 724.012(b)(3)(B) of the Texas Transportation Code violates the Texas and United States Constitutional provisions against unreasonable searches and seizures.  We construe McGruder's argument to be a facial challenge to the constitutionality of that portion of the statute.[2]

## THE STATUTE

As it applies to this case, section 724.012(b) provides:

(b) A peace officer shall require the taking of a specimen of the person's breath or blood under any of the following circumstances if the officer arrests the person for an offense under Chapter 49, Penal Code, involving the operation of a motor vehicle or a watercraft and the person refuses the officer's request to submit to the taking of a specimen voluntarily:
***

 (3) at the time of the arrest, the officer possesses or receives reliable information from a credible source that the person:
***

(B) on two or more occasions, has been previously convicted of or placed on community supervision for an offense under Section 49.04, 49.05, 49.06, or

---

[1] McGruder later objected to the lab report which contained the blood alcohol content results of McGruder's blood test by stating, "Renew my earlier objection."  He did not however, object to the chemist's testimony prior to the introduction of the lab report that McGruder's blood alcohol content was .09 grams per 100 milliliters.  We note that there was no motion to suppress filed; only objections made to the various exhibits as they were introduced into evidence.  The *Amicus Curiae*, presented by the Texas Criminal Defense Lawyers Association, argues the trial court erred in overruling the objections to the kit, vial, and lab report.  The *Amicus Curiae* does not address the admission, without objection, of the blood alcohol content testimony.  Nevertheless, this is not the issue that McGruder has presented on appeal.  Rather, McGruder raises a direct challenge to the constitutional validity of the "mandatory" blood draw provision.

[2] McGruder does not argue that the Texas Constitution provides any greater or different protection than the United States Constitution; thus we treat them as the same in this context.  *See Luquis v. State*, 72 S.W.3d 355, 364 (Tex. Crim. App. 2002).

49.065, Penal Code, or an offense under the laws of another state containing elements substantially similar to the elements of an offense under those sections.

TEX. TRANSP. CODE ANN. § 724.012(b)(3)(B) (West 2011).

**MCNEELY**

Relying on the recent opinion from the United States Supreme Court in *Missouri v. McNeely*, ___ U.S. ___, 133 S. Ct. 1552, 185 L. Ed. 2d 696 (2013), McGruder argues that because section 724.012(b)(3)(B) does not require any exigent circumstance for a warrantless blood draw, it impermissibly narrows the constitutional right to be free from unreasonable searches and seizures and should be declared unconstitutional.

Generally speaking, drawing blood from a suspect is a search and seizure within the scope of the Fourth Amendment to the United States Constitution. *See Schmerber v. California*, 384 U.S. 757, 767, 86 S. Ct. 1826, 16 L. Ed. 2d 908 (1966). A warrantless seizure of a blood sample, however, can be constitutionally permissible if officers have probable cause to arrest a suspect, exigent circumstances exist, and a reasonable method of extraction is available. *Id*. at 767-68.

In *McNeely*, the United States Supreme Court addressed the issue of whether the Fourth Amendment required police to obtain a warrant before taking a blood sample from a non-consenting driver suspected of driving while intoxicated. *McNeely*, 133 S. Ct. at 1556. The Court concluded that the natural dissipation of alcohol in the bloodstream did not present a *per se* exigency that justified an exception to the warrant

requirement for non-consensual blood testing in all DWI cases. *Id*. Instead, the Court recognized that, sometimes, exigent circumstances, based in part on the rapid dissipation of alcohol in the body, may allow law enforcement to obtain a blood sample without a warrant but that courts must determine on a case-by-case basis whether exigent circumstances exist, considering the totality of the circumstances. *Id*.

Prior to *McNeely*, at least one Texas appellate court had interpreted section 724.012(b) to be an exception to the Fourth Amendment warrant requirement; that is, no warrant was necessary to draw the defendant's blood if he refused to consent to the blood draw and had two prior DWI convictions. *See Aviles v. State*, 385 S.W.3d 110, 112 (Tex. App.—San Antonio 2012, pet. ref'd), *vacated*, 134 S. Ct. 902, 187 L. Ed. 2d 767 (2014), *op. on remand*, ___ S.W.3d ___, 2014 Tex. App. LEXIS 8508 (Tex. App.—San Antonio Aug. 6, 2014, no pet. h.). But the United States Supreme Court vacated that court's judgment and remanded the case to the court of appeals for further consideration in light of *McNeely*. *Aviles*, 134 S. Ct. at 902. Since then, Texas appellate courts have held that a non-consensual blood draw without a warrant pursuant to section 724.012(b) and without evidence of exigent circumstances other than simply the rapid dissipation of alcohol in the bloodstream violates a defendant's Fourth Amendment rights.[3] *See Douds v. State*, No. 14-12-00642-CR, 2014 Tex. App. LEXIS 6152 (Tex. App.—Houston [14th Dist.] June 5, 2014, pet. filed) (op. on rh'g) (publish); *Weems*

---

[3] This is not the issue we have been asked to decide and express no opinion regarding that issue.

*v. State*, No. 04-13-00366-CR, 2014 Tex. App. LEXIS 5109 (Tex. App.—San Antonio May 14, 2014, pet. filed) (publish); *Reeder v. State*, No. 06-13-00126-CR, 2014 Tex. App. LEXIS 4558 (Tex. App.—Texarkana April 29, 2014, pet. filed) (publish); *Sutherland v. State*, No. 07-12-00289-CR, 2014 Tex. App. LEXIS 3694 (Tex. App.—Amarillo, April 7, 2014, pet. filed) (publish); *Villarreal v. State*, No. 13-13-00253-CR, 2014 Tex. App. LEXIS 645 (Tex. App.—Corpus Christi Jan. 23, 2014, pet. granted) (publish). *See also* Baker v. State, No. 12-12-00092-CR, 2013 Tex. App. LEXIS 12818 (Tex. App.—Tyler Oct. 16, 2013, pet. granted) (not designated for publication) (trial court could have reasonably concluded State failed to show warrantless blood draw was supported by exigent circumstances). *Contra Perez v. State*, No. 01-12-01001-CR, 2014 Tex. App. LEXIS 2681 (Tex. App.—Houston [1st Dist.] Mar. 11, 2014, no pet. h.) (publish) (motion for rehearing filed; response requested by the court; response filed).

### FACIAL CONSTITUTIONAL CHALLENGE

But McGruder asks us to find that section 724.012(b)(3)(B) is unconstitutional. To prevail on a facial challenge, a party must establish that the statute always operates unconstitutionally in all possible circumstances. *State v. Rosseau*, 396 S.W.3d 550, 557 (Tex. Crim. App. 2013). A facial challenge to a statute is the most difficult challenge to mount successfully because the challenger must establish that no set of circumstances exists under which the statute will be valid. *Santikos v. State*, 836 S.W.2d 631, 633 (Tex. Crim. App. 1992).

Whether a statute is facially constitutional is a question of law that we review de novo. *Ex parte Lo*, 424 S.W.3d 10, 14 (Tex. Crim. App. 2013). When the constitutionality of a statute is attacked, we begin with the presumption that the statute is valid and that the legislature has not acted unreasonably or arbitrarily. *Id*. at 14-15. The burden normally rests upon the person challenging the statute to establish its unconstitutionality. *Id*. at 15. In the absence of contrary evidence, we will presume that the legislature acted in a constitutionally sound fashion. *Rodriguez v. State*, 93 S.W.3d 60, 69 (Tex. Crim. App. 2002).

Section 724.012(b) merely requires an officer to take a blood or breath specimen in certain circumstances. What makes the statute mandatory is that the officer has no discretion in those situations to obtain either a blood or a breath specimen. It does not mandate, nor does it purport to authorize, a specimen be taken without compliance with the Fourth Amendment. And although the Court of Criminal Appeals has said that the implied consent law, the body of law in which this particular statute is contained, enables officers to draw blood in certain limited circumstances, *a.k.a.* exigent circumstances, even without a search warrant, the Court also said that the law did not give officers the ability to forcibly obtain blood samples from anyone just because they were arrested for DWI. *Beeman v. State*, 86 S.W.3d 613, 616 (Tex. Crim. App. 2002). Further, the Court did not hold in *Beeman*, and has not yet held, that section 724.012(b) is an exception to the Fourth Amendment's warrant requirement such as the consent

exception or the exigent circumstances exception. *See Villarreal v. State*, No. 13-13-00253-CR, 2014 Tex. App. LEXIS 645, *35 (Tex. App.—Corpus Christi Jan. 23, 2014, pet. granted) (publish).

Further, as written, section 724.012(b) does not require a blood or breath specimen to be taken contrary to the Fourth Amendment; that is, without a warrant or without a recognized exception to the warrant requirement. *See Forsyth v. State*, No. 11-12-00198-CR, 2014 Tex. App. LEXIS 8381, *22 (Tex. App.—Eastland July 31, 2014) (no pet. h.) (publish) ("…Section 724.012 does not instruct an officer to take a person's blood without a warrant or in violation of the Fourth Amendment," citing *Villarreal v. State*, No. 13-13-00253-CR, 2014 Tex. App. LEXIS 645 (Tex. App.—Corpus Christi Jan. 23, 2014, pet. granted) (publish)).[4]  We agree with the Houston Court of Appeals when it aptly noted, "We have no reason to fault the constitutionality of the mandatory blood draw statute in this case because it did not require [the officer] to obtain a blood draw without first securing a warrant.  It is the officer's failure to obtain a warrant and the State's failure to prove an exception to the warrant requirement, not the mandatory nature of the blood draw statute, that violate the Fourth Amendment." *Douds v. State*, No. 14-12-00642-CR, 2014 Tex. App. LEXIS 6152, *48-49 (Tex. App.—Houston [14th Dist.] June 5, 2014, pet. filed) (op. on rh'g) (publish).

---

[4] Other courts of appeals agree with this interpretation. *See Douds v. State*, No. 14-12-00642-CR, 2014 Tex. App. LEXIS 6152, *46 (Tex. App.—Houston [14th Dist.] June 5, 2014, pet. filed) (op. on rh'g) (publish); *Weems v. State*, No. 04-13-00366-CR, 2014 Tex. App. LEXIS 5109, * 24 (Tex. App.—San Antonio May 14, 2014, pet. filed) (publish); *Reeder v. State*, No. 06-13-00126-CR, 2014 Tex. App. LEXIS 4558, *14 n. 10 (Tex. App.—Texarkana April 29, 2014, pet. filed) (publish).

McGruder has failed to point us to anything else that would show the statute to be unconstitutional.  Thus, McGruder's facial challenge to the statute must fail, and we presume the statute to be constitutionally valid.

**CONCLUSION**

Accordingly, McGruder's sole issue is overruled, and the trial court's judgment is affirmed.


                                        TOM GRAY
                                        Chief Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
        (Justice Davis dissenting)
Affirmed
Opinion delivered and filed August 14, 2014
Publish
[CRPM]