# NO. 12-13-00168-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *SAMUEL C. GENTRY,* *APPELLANT* | § | *APPEAL FROM THE 241ST* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Samuel C. Gentry appeals his conviction for felony driving while intoxicated, for which he was sentenced to imprisonment for life. In one issue, Appellant argues that the trial court erred in denying his motion to suppress. We reverse and remand.

## BACKGROUND

On October 3, 2012, Appellant was detained for committing traffic violations. When Tyler police officer J.R. Smith approached Appellant's vehicle, he observed a spilled cooler of beer in the rear seat. When he engaged Appellant, he noticed that Appellant's speech was slurred, his eyes were bloodshot, and his breath smelled of alcohol. After Smith performed field sobriety tests on Appellant, he placed Appellant under arrest. After Appellant refused to submit to a breath test to determine the presence of alcohol, Smith determined that Appellant had at least two prior convictions for driving while intoxicated (DWI). Accordingly, Smith compelled Appellant to submit to a warrantless blood draw pursuant to the implied consent provisions of Texas Transportation Code, section 724.

Appellant was charged by indictment with felony DWI. The indictment further alleged that Appellant had two prior felony convictions in addition to the two prior DWI convictions. Subsequently, Appellant moved to suppress the results of the mandatory blood draw pursuant to

the United States Supreme Court's holding in ***Missouri v. McNeely***, 133 S. Ct. 1552, 185 L. Ed. 2d 696 (2013).[1]  The trial court overruled Appellant's motion.  Thereafter, Appellant pleaded "guilty" as charged and pleaded "true" to the enhancement allegations in the indictment. Following a trial on punishment, the jury assessed Appellant's punishment at imprisonment for life.  The trial court sentenced Appellant accordingly, and this appeal followed.


## MOTION TO SUPPRESS

In his sole issue, Appellant argues that the trial court erred in overruling his motion to suppress in light of the Supreme Court's decision in ***McNeely***.

### Standard of Review and Governing Law

We review a trial court's ruling on a motion to suppress under a bifurcated standard. ***Hubert v. State***, 312 S.W.3d 554, 559 (Tex. Crim. App. 2010); ***Carmouche v. State***, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000).  A trial court's decision to grant or deny a motion to suppress is generally reviewed under an abuse of discretion standard.  ***Shepherd v. State***, 273 S.W.3d 681, 684 (Tex. Crim. App. 2008).  We give almost total deference to a trial court's determination of historical facts, especially if those determinations turn on witness credibility or demeanor, and review de novo the trial court's application of the law to facts not based on an evaluation of credibility and demeanor.  ***Neal v. State***, 256 S.W.3d 264, 281 (Tex. Crim. App. 2008).  At a suppression hearing, a trial court is the exclusive trier of fact and judge of the witnesses' credibility.  ***Maxwell v. State***, 73 S.W.3d 278, 281 (Tex. Crim. App. 2002).  Accordingly, a trial court may choose to believe or to disbelieve all or any part of a witness's testimony.  ***State v. Ross***, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000).  However, a trial court has no discretion in determining what the law is or applying the law to the facts.  ***State v. Kurtz***, 152 S.W .3d 72, 81 (Tex. Crim. App. 2004).  Thus, a failure by a trial court to analyze or apply the law correctly constitutes an abuse of discretion.  ***Id.***

When, as here, the trial court fails to file findings of fact in support of its ruling at a suppression hearing, we view the evidence in the light most favorable to the trial court's ruling and assume that the trial court made implicit findings of fact that support its ruling as long as

---

[1] In ***McNeely***, the Court held that the natural metabolization of alcohol in the bloodstream does not present a *per se* exigency that justifies an exception to the Fourth Amendment's warrant requirement for nonconsensual blood testing in all drunk driving cases.  *See id.*, 133 S. Ct. at 1563, 1568.  Instead, consistent with general Fourth Amendment principles, exigency in this context must be determined case by case based on the totality of the circumstances.  *See id.*, 133 S. Ct. at 1563.

those findings are supported by the record. ***Ross***, 32 S.W.3d at 855; *see **State v. Castleberry***, 332 S.W.3d 460, 465 (Tex. Crim. App. 2011). Therefore, the prevailing party is entitled to "the strongest legitimate view of the evidence and all reasonable inferences that may be drawn from that evidence." ***Castleberry***, 332 S.W.3d at 465. Since all evidence is viewed in the light most favorable to the trial court's ruling, we are obligated to uphold its ruling on a motion to suppress if that ruling is supported by the record and is correct under any theory of law applicable to the case. ***Ross***, 32 S.W.3d at 856; ***Carmouche***, 10 S.W.3d at 327; ***State v. Ballard***, 987 S.W.2d 889, 891 (Tex. Crim. App. 1999); ***Maysonet v. State***, 91 S.W.3d 365, 369 (Tex. App.–Texarkana 2002, pet. ref'd).

The Fourth Amendment provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause." U.S. CONST. amend. IV. The Supreme Court has held that a warrantless search of the person is reasonable only if it falls within a recognized exception. *See, e.g.*, ***McNeely***, 133 S. Ct. at 1558. Exigent circumstances is one such well-recognized exception. *See **id.***

Texas Transportation Code, section 724, states, in pertinent part, as follows:

> If a person is arrested for an offense arising out of acts alleged to have been committed while the person was operating a motor vehicle in a public place . . . while intoxicated, the person is deemed to have consented, subject to this chapter, to submit to the taking of one or more specimens of the person's breath or blood for analysis to determine the alcohol concentration. . . .

TEX. TRANSP. CODE ANN. § 724.011(a) (West 2011). This implied consent provision applies to a person who, at the time of his arrest, is believed by the arresting officer, based on reliable information from a credible source, to have been previously convicted of or placed on community supervision for DWI on two or more occasions. *See **id.*** § 724.012(3) (West 2011).

**<u>Preservation of Error</u>**

The State first argues that Appellant failed to preserve the issue raised in his motion to suppress because he did not timely file the motion. *See* TEX. CODE CRIM. PROC. ANN. art. 28.01, § 2 (West 2006) (defendant must raise preliminary matters at least seven days before pretrial hearing). However, Article 28.01, section 2 sets forth that the trial court may permit the consideration of motions filed less than seven days prior to the hearing. ***Id.*** In the instant case, it is noteworthy that the State specifically asked the trial court to "take up the motion to

suppress [.]" We decline to hold that the State can now complain that the trial court should not have considered Appellant's motion to suppress at the pretrial hearing when the State invited the trial court to conduct the hearing on Appellant's motion. *Cf. Prystash v. State*, 3 S.W.3d 522, 531 (Tex. Crim. App. 1999) (discussing invited error doctrine).

## Good Faith of Arresting Officer

The State next argues that even assuming *McNeely* applies to the case at hand, the evidence should not be excluded because Smith relied in good faith on the implied consent statute and mandatory blood draw statute.

Under the federal exclusionary rule, if a law enforcement officer relies in good faith on a statute authorizing his warrantless search and the statute is later determined to be unconstitutional, the exclusionary rule does not apply. *See Illinois v. Krull*, 480 U.S. 340, 342, 355, 107 S. Ct. 1160, 1170, 94 L. Ed. 2d 364 (1987). However, constraints do apply to this exception to the exclusionary rule. "A statute cannot support objectively reasonable reliance if, in passing the statute, the legislature wholly abandoned its responsibility to enact constitutional laws." *Id.*, 480 U.S. at 355, 107 S. Ct. at 1170. "Nor can a law enforcement officer be said to have acted in good faith reliance upon a statute if its provisions are such that a reasonable officer should have known that the statute was unconstitutional." *Id.*

In *Weems v. State*, the court of appeals considered a similar argument. *See Weems v. State*, No. 04-13-00366-CR, 2014 WL 2532299, at *9 (Tex. App.–San Antonio May 14, 2014, pet. filed) (op., not designated for publication). There, the court noted that the implied consent and mandatory blood draw statutes do not explicitly provide for a warrantless search. *See id.* (citing *State v. Villarreal*, No. 13–13–00253–CR, 2014 WL 1257150, at *11 (Tex. App.–Corpus Christi Jan. 23, 2014, pet. granted) (op., not designated for publication)). The court further noted that no such good faith exception is found in the Texas exclusionary rule even though Texas is entitled to provide more protection to a suspect with its laws than does federal law. *See Weems*, 2014 WL 2532299, at *9 (explaining that Texas Code of Criminal Procedure, Article 38.23 provides for exception to exclusionary rule only when officer relies in good faith upon warrant issued by neutral magistrate based on probable cause); *see also* TEX. CODE CRIM. PROC. ANN. art. 38.23 (West 2005). In accord with the court's holding in *Weems*, we hold that the State's argument for a good faith exception is not meritorious. *See Weems*, 2014 WL 2532299, at *9.

4

**Warrantless Blood Draw Pursuant to Texas Transportation Code, Section 724**

In arguing that the trial court correctly overruled Appellant's motion to suppress, the State cites *Aviles v. State*, in which the San Antonio court of appeals held that the mandatory blood draw, taken without a warrant, was proper under Section 724.012(b)(3)(B).[2] The Supreme Court granted Aviles's petition for writ of certiorari, vacated the court of appeals' judgment, and remanded the cause to the court of appeals for further consideration in light of *McNeely*. *See Aviles v. Texas*, 134 S. Ct. 902, 187 L. Ed. 2d 767 (2014).[3]

Since that time, the San Antonio court of appeals has reconsidered the issue in its opinion on remand in *Aviles v. State*, No. 04-11-00877-CR, 2014 WL 3843756 (Tex. App.–San Antonio Aug. 6, 2014, pet. filed) (op., not designated for publication), as well as in *Weems v. State*. In each of these cases, the court carefully considered the issue of Section 724's application in light of *McNeely* and held that (1) the implied consent and mandatory blood draw statutory scheme found in the transportation code are not exceptions to the warrant requirement under the Fourth Amendment and (2) to be authorized, the state's warrantless blood draw must be based on a well-recognized exception to the Fourth Amendment. *See Aviles*, 2014 WL 3843756, at *2–3; *Weems*, 2014 WL 253229, at *8; *see also State v. Ballard*, No. 11-13-00224-CR, 2014 WL 3865815, at *3 (Tex. App.–Eastland July 31, 2014, no pet. h.) (mem op., not designated for publication); *Sutherland v. State*, No. 07-12-00289-CR, 2014 WL 1370118, at *1–2 (Tex. App.–Amarillo Apr. 7, 2014, pet. filed) (op., not designated for publication); *State v. Villarreal*, 2014 WL 1257150, at *11.

Having carefully considered the analyses of our sister courts of appeals on this issue, we, too, hold that (1) the implied consent and mandatory blood draw statutory schemes found in the transportation code are not exceptions to the warrant requirement under the Fourth Amendment and (2) to be authorized, the state's warrantless blood draw must be based on a well-recognized exception to the Fourth Amendment. In the instant case, the State relied solely on Section 724 and offered no evidence of any other recognized exception to the Fourth Amendment that would

---

[2] *See Aviles v. State*, 385 S.W.3d 110, 114 (Tex. App.–San Antonio 2012), *cert. granted*, *judgment vacated*, 134 S. Ct. 902, 187 L. Ed. 2d 767 (2014).

[3] The State argues that Appellant's arrest predates the Supreme Court's decision in *McNeely* and there is no indication that the Court intended its holding to apply retroactively. However, in *Aviles*, the appellant was arrested on June 2, 2011. *See Aviles*, 385 S.W.3d at 112. The Supreme Court did not issue its opinion in *McNeely* until April 17, 2013. *See McNeely*, 133 S. Ct at 1552. We conclude that the Supreme Court intended its decision in *McNeely* to apply retroactively. *See Aviles*, 134 S. Ct. at 902.

have permitted it to have Appellant's blood drawn without a warrant. Accordingly, we hold that the trial court abused its discretion in denying Appellant's motion to suppress.

**Harm Analysis**

Having concluded that the trial court abused its discretion, we must now consider whether Appellant was harmed as the result of this error. The admission of evidence obtained in violation of the Fourth Amendment is subject to constitutional harm analysis pursuant to Texas Rule of Appellate Procedure 44.2(a). *See Hernandez v. State*, 60 S.W.3d 106, 106 (Tex. Crim. App. 2001). If the appellate record in a criminal case reveals constitutional error that is subject to harmless error review, we must reverse the judgment of conviction or punishment unless we determine beyond a reasonable doubt that the error did not contribute to the conviction or punishment. *See* TEX. R. APP. P. 44.2(a). The harmless error inquiry under Rule 44.2(a) should adhere strictly to the question of whether the error committed in a particular case contributed to the verdict obtained in that case. *Snowden v. State*, 353 S.W.3d 817, 821 (Tex. Crim. App. 2011).

We first consider whether the trial court's admission of the blood test evidence contributed to Appellant's decision to plead "guilty." *See, e.g.*, *Holmes v. State*, 323 S.W.3d 163, 173–74 (Tex. Crim. App. 2010). Based on our review of the reporter's record of the pretrial hearing, we note that there was some discussion between the parties and the trial court concerning whether the trial court would consider Appellant's motion to suppress prior to selecting the jury or at trial. Initially, the trial court concluded that it would be best to consider the matter after voir dire. Shortly thereafter, the trial court asked if there would be any reason to conduct the hearing beforehand, and Appellant's counsel responded, "Not under these circumstances, Judge, not with a not guilty (sic) plea." (editorial notation in original).

From Appellant's attorney's statement, there is some indication that Appellant had made up his mind to plead "guilty" regardless of the trial court's ruling on his motion to suppress. From all appearances, the State's request to take up the motion to suppress before voir dire was the sole motivation for the trial court's decision to do so. Even so, we cannot conclude based on Appellant's counsel's statement alone that Appellant would have pleaded "guilty" even had the trial court correctly ruled on his motion to suppress. Based on our review of the record, we cannot conclude beyond a reasonable doubt that the trial court's failure to suppress the blood test

6

evidence did not influence Appellant's decision to plead "guilty." Therefore, we hold that Appellant was harmed by the trial court's erroneous ruling on his motion to suppress.

Appellant's sole issue is sustained.

## DISPOSITION

Having overruled Appellant's sole issue, we *reverse* the trial court's judgment and *remand* the cause for further proceedings consistent with this opinion.

JAMES T. WORTHEN
Chief Justice

Opinion delivered August 27, 2014.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

## TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**AUGUST 27, 2014**

## NO. 12-13-00168-CR

**SAMUEL C. GENTRY,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the 241st Judicial District Court
of Smith County, Texas. (Tr.Ct.No. 241-1540-12)

---

THIS CAUSE came to be heard on the appellate record and the briefs filed herein, and the same being considered, because it is the opinion of this court that there was error in the judgment of the court below, it is ORDERED, ADJUDGED and DECREED by this court that the judgment be **reversed** and the cause **remanded** to the trial court **for further proceedings**; and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*