FILED IN
COURT OF CRIMINAL APPEALS

February 27, 2015

ABEL ACOSTA, CLERK

PD-1263-14
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 2/26/2015 6:30:51 PM
Accepted 2/27/2015 9:35:53 AM
ABEL ACOSTA
CLERK

NO. PD-1263-14

IN THE COURT OF CRIMINAL APPEALS

OF THE STATE OF TEXAS

_____

**MICHAEL ANTHONY MCGRUDER**
APPELLANT-PETITIONER

**V.**

**THE STATE OF TEXAS**
APPELLEE - RESPONDENT

_____

**PETITIONER'S BRIEF**

_____

On Appellant's Petition for Discretionary Review from
The Tenth Court of Appeals, Waco, Texas
Cause No.10-13-00109-CR
affirming the 85th Judicial District Court, Bryan, Texas,
in Trial Cause No. 11-05822-CRF-85

_____

MARY JO HOLLOWAY
Attorney at Law
10222 Old Stagecoach
Chappell Hill, Texas 77426
(979) 830-1210
FAX: 979-830-5538
State Bar No. 09887175
mjholloway44@hotmail.com
*Attorney for Appellant*

## Identity of All Parties and Counsel

Pursuant to Tex. R. App. §68.4(a), the parties to this suit are as follows:

Petitioner/Appellant/Defendant

    MICHAEL ANTHONY MCGRUDER

Counsel for Defendant/Appellant/Petitioner

    Counsel on Appeal: MARY JO HOLLOWAY, Attorney at Law, 10222 Old Stagecoach, Chappell Hill, Texas 77426

    Brief for the Texas Criminal Defense Association as Amicus Curie Supporting Appellant: submitted by Bobby Mims, Gena Blount Bunn, Angela Moore, and David Schulman

    Trial Counsel, BRONO SHIMEK, 218 North Main, Bryan, Bryan, Texas 77803.

THE STATE OF TEXAS

    Appeal Counsel: DOUG HOWELL, III. Asst. District Attorney of Brazos County, and JESSICA ESCUE, Brazos County Assistant District Attorney

    Trial Counsel: JESSICA ESCUE, Brazos County Assistant District Attorney, and BRIAN BAKER, Brazos County Assistant District Attorney;

    Jarvis Parsons, Brazos County District Attorney, Brazos County Courthouse, 300 East 26th Street, Bryan, Texas 77803.

TRIAL JUDGE

    HON. J. D. LANGLEY, 85th District Court presiding,
    300 East 26th Street, Suite 225, Bryan, Texas 77803

TENTH COURT OF APPEALS, at WACO, TEXAS

    HONORABLE TOM GRAY, Chief Justice
    HONORABLE AL SCOGGINS, Justice
    HONORABLE REX D. DAVIS, Justice

**TABLE OF CONTENTS**

PAGE

TABLE OF CONTENTS...............................................................................*i*

INDEX OF AUTHORITIES.......................................................................*ii*

STATEMENT OF THE CASE....................................................................1

STATEMENT OF PROCEDURAL HISTORY...........................................2

STATEMENT OF FACTS………………………………………………….3

SUMMARY OF THE ARGUMENT………………………………………3

GROUND FOR REVIEW...................................................... 4

**Appellant presents the following grounds for review:**

**" Did the Court of Appeals err in finding the Appellant's facial constitutional challenge to Texas Transportation Code Section 724.012(b)(3)(B) failed and presumed the statute to be constitutionally valid"**

ARGUMENT AND AUTHORITIES.............................................................5

CONCLUSION AND PRAYER..................................................................18

CERTIFICATE OF SERVICE...............................................................…19

CERTIFICATE OF COMPLIANCE………………………………………..20

## INDEX OF AUTHORITIES

**TEXAS/U.S. STATUTES**

U. S. CONST. AMEND. IV……………………………………….. 5

TEX. CONST. art. I §9………………………………………… 5

TEX. PENAL CODE ANN.§49.04…………………………………. 2

TEX. TRANSP.CODE ANN. §724.012(b)(West 2011)………………1,5,6,9,12,13

TEX. TRANSP.CODE ANN. §724.011, §724.012……………………… 11

TEX. GOV'T CODE §311.016(2)……………………………………….10,11

**CASES**

*Aviles v. State*, 385 S.W.3d 110 (Tex. App. – San Antonio 2012, pet. ref'd), *vacated*, 134 S. Ct. 902, 187 L.Ed.2d 767 (2014), *op. on remand* Tex. App. LEXIS 8508(Tex. App. – San Antonio Aug. 6, 2014, pet. granted PD-1055-14)……….. ………………………………………………………….. 13,16

*Beeman v. State,* 86 S.W.3d 613, 616 (Tex. Crim. App. 2002)…………... 15

*Cole v. State*, No. 06-13-00179-CR (Tex. App. – Texarkana Dec. 18, 2014, pet filed in PD-0077-15)……………………………………….. 10,14

*Douds v. State*, 434 S.W. 842 (Tex. App. – Houston [14th Dist.], June 5, 2014, pet. granted PD-0857-14)…………………………………………..8,11

*Forsyth v. State*, 438 S.W.3d 216 (Tex. App. – Eastland July 31, 2014, pet. granted PD-1163-14)………………………………………..5,6,7,12,14,15

*Holidy v. State*, No. 06-13-00261-CR (Tex. App. –Texarkana April 30, 2014, pet. granted PD-0622-14)………………………………………………………… 8,14

*Johnson v. United States* , 333 U. S. 10, 17 (1948)………………………..10

*Jones v. United States*, 357 U. S. 493, 499 (1958)…………………………10

*McGruder v. State*, No. 10-13-00109-CR (Tex. App. –Waco, delivered August 14, 2014, pet. granted PD-1263-14)………………………………………………2,5,6,7,12,15

*Missouri v. McNeely*, 133 S. Ct. 1552 (2013)…………………………… 12

*Reeder v. State*, 428 S.W.3d 924(Tex. App. – Texarkana 2014, pet. granted PD-0601-14)……………………………………………………. 8

*Santikos v. State*, 836 S.w.2d 631 (Tex. Crim. App. 1992)..………………..7

*State v. Anderson*, No. 09-13-00400-CR (Tex. App. – Beaumont, Oct. 8, 2014)..16

*State v. Johnston*, 336 S.W.3d 649 (Tex. Crim. App. 2011)…………………..13

*State v. Rosseau*, 550 S.W.3d 550 (Tex. Crim. App. 2013)……………………..7

*Sutherland v. State*, 436 S.W. 3d 28 (Tex. App. – Amarillo 2014, pet. granted PD-0860-14)…………………………………………………………………8,14

*Villarreal v. State*, No. 13-13-00253-CR,(Tex. App.– Corpus Christi January 23, 2014, pet. granted PD-0306-14, reh. granted, Feb. 25, 2015)…………………8,12

*Weems v. State*, 434 S.W.3d 655, Tex. App. LEXIS 5109 (Tex. App. – San Antonio 2014, pet. granted PD-0635-14)…………………………… 11,12,16

## STATEMENT REGARDING ORAL ARGUMENT

This Court has granted Appellant's PDR with a stipulation of no oral argument.

NO. PD-1263-14

IN THE COURT OF CRIMINAL APPEALS

OF THE STATE OF TEXAS
_____

**MICHAEL ANTHONY MCGRUDER**
Appellant-Petitioner

**V.**

**THE STATE OF TEXAS**
Appellee-Respondent

_____

**PETITIONER'S BRIEF**
_____

TO THE HONORABLE COURT OF CRIMINAL APPEALS:

Petitioner-Appellant , MICHAEL ANTHONY MCGRUDER, in this cause,

by and through his attorney of record, MARY JO HOLLOWAY, files the

foregoing Brief  on the merits:

**STATEMENT OF THE CASE**

The majority of the Tenth Court of Appeals found the Appellant's argument

was a "facial constitutional" challenge to Texas Transportation Code Section

724.012(b)(3)(B)  which failed, and presumed the statute to be constitutionally

valid. One justice dissented. The Court of Appeals' justices disagreed on a material

question of law necessary to the court's decision, the majority opinion conflicts

with other Courts of Appeal on this issue , and the Court of Appeals has decided an

1

important question of state law that has not been, but should be settled by this Court.

## STATEMENT OF PROCEDURAL HISTORY

*Proceedings in The Trial Court*

After a non-jury trial, the trial court found Appellant Guilty of felony driving while intoxicated with repeat offender enhancement allegations. TEX. PENAL CODE ANN.§49.04; 3RR at 26. The trial court heard testimony from the Appellant and other State witnesses, found Appellant's two prior conviction enhancements "True" beyond a reasonable doubt, and sentenced him to Thirty (30) years, in the Texas Department of Criminal Justice, Institutional Division. CR at 17; 5RR at 6-7; 4RR at 32. A timely notice of appeal was filed on April 1, 2013. CR at 7.

*Proceedings in the Court of Appeals*

On August 14, 2014, the Tenth Court of Appeals affirmed the conviction, with Justice Gray and Justice Scoggins joining in the majority opinion, and with Justice Davis issuing a dissenting opinion. *McGruder v. State*, No. 10-13-00109-CR (Tex. App. –Waco, delivered August 14, 2014, pet. granted PD-1263-14). No motion for rehearing was filed. On January 28, 2015, this Court granted Petitioner's petition for discretionary review.

## STATEMENT OF FACTS

On September 27, 2011, College Station police stopped Michael McGruder after receiving a dispatch call regarding a suspicious truck, with junk in the back, being seen in an apartment complex parking area. 2RR at 25-26; 35-36; 64-66. Upon seeing McGruder's truck matching the description, Officer Summers followed it, found it parked, and confronted McGruder after he had gotten out. 2RR at 25-39. Several officers arrived, they claimed they smelled alcohol, and McGruder admitted he had one large beer earlier. 36- 39; 75. McGruder refused field sobriety tests, and a breath sample. 2RR at 76-78. McGruder was taken to the police station, and upon learning of McGruder's two prior DWI convictions, the officer decided to do the "mandatory blood draw" paperwork, and testified at trial that the blood draw becomes mandatory when a DWI suspect has two prior DWI convictions. 2RR at 90-92. McGruder was taken to a hospital where his blood was drawn. 2RR at 99; 118-122. Trial counsel filed no pretrial motion to suppress, but objected at trial to the admission of the State's blood draw exhibits and testimony.

## SUMMARY OF THE ARGUMENT

The Tenth Court of Appeals majority justices construed Appellant's argument to be a facial challenge to the constitutionality of the Texas Transportation Code Section 724.012(b). One justice dissented. The justices have disagreed on a material question of law. The appellate court's rationale conflict's with other appellate courts' on this issue.

3

## GROUND FOR REVIEW

**GROUND ONE:**

**"Did the Court of Appeals err in finding the Appellant's facial constitutional challenge to Texas Transportation Code Section 724.012(b)(3)(B) failed and presumed the statute to be constitutionally valid"**

**Review is proper under the Texas Rule of Appellate Procedure 66.3 because the justices of the Tenth Court of Appeals have disagreed on a material question of law necessary to the court's decision, the Tenth Court of Appeals Opinion conflicts with other Courts of Appeal on this issue , and the Tenth Court of Appeals has decided an important question of state law that has not been, but should be settled by the Court of Criminal Appeals, that is Section 724.012(b)(3)(B) of the Texas Transportation Code is not unconstitutional.**

**ARGUMENT AND AUTHORITIES**

***GROUND FOR REVIEW, RESTATED*: " Did the Court of Appeals err in finding the Appellant's facial constitutional challenge to Texas Transportation Code Section 724.012(b)(3)(B) failed and presumed the statute to be constitutionally valid"**

The Tenth Court of Appeals construed Appellant, Michael McGruder's, argument claiming the statute violates the Texas and United States Fourth Amendment constitutional prohibitions against unreasonable search and seizures to be a facial challenge to the constitutionality of the Texas Transportation Code Section 724.012(b)(3)(B). *McGruder v. State*, No. 10-13-00109-CR (Tex. App. – Waco, delivered August 14, 2014, pet. granted PD-1263-14); TEX.TRANSP. CODE Ann. §724.012(b); U. S. CONST. AMEND. IV; TEX. CONST. art. I, §9. The Tenth Court of Appeals majority applied a "hyper-technical" analysis in determining the McGruder was making only a facial challenge. The appellate ignored the McGruder's arguments in his brief and supplemental replies which asserted application of the statute was unconstitutional to the extent that the statute permitted the mandatory blood draw in the absence of a warrant or a recognized exception to a warrant. *Id.*; *see*, *Forsyth v. State*, 438 S.W.3d 216, 218 (Tex. App. – Eastland July 31, 2014, pet. ref.'d)(finding the warrantless blood draw violated the Appellant's rights under the Fourth Amendment where he argued that section

5

724.012(b)(3)(B) was "…unconstitutional as applied because the statute requires police to forcibly take a blood sample from a DWI arrestee without a warrant and without demonstrating an exception to the warrant.."). The defendant in *Forsyth* also argued the statute was unconstitutional on its face, which was not specifically addressed by the appellate court because the issue was not presented below. But, the *Forsyth* appellate court did imply a facial constitutional challenge to the statute by stating "..the government's interests in combatting drunk drivers does not outweigh the privacy interests of individuals to the extent that individuals arrested for DWI, who have already been twice convicted of DWI, should be forced to submit a breath or blood specimen without requiring the arresting officer to secure a warrant or rely on an exception to the warrant requirement"). *Id*. Also in this case, McGruder rebutted the State's arguments that exigent circumstances, implied consent law, and "good-faith" exceptions to a warrant justified the warrantless blood draw.

The statute is silent on the need for an officer to get a warrant prior to obtaining a blood draw. TEX. TRANSP.CODE ANN. §724.012(b)(3)(B)(West 2011). The majority opinion states "Section 724.012 (b) merely requires and officer to take a blood or breath specimen in certain circumstances and the defendant "failed to point "to anything else which would show the statute to be unconstitutional..". *McGruder v. State*, No. 10-13-00109-CR at *7,9 (majority

6

opinion). The appeal court reasoned McGruder must establish the statute always operates unconstitutionally in all possible circumstances, and must establish there are no circumstances under which the statute will be valid. *McGruder v. State*, No. 10-13-00109-CR at *6 (majority opinion); citing, *State v. Rosseau*, 550 S.W.3d 550, 557 (Tex. Crim. App. 2013); *Santikos v. State*, 836 S.w.2d 631, 633 (Tex. Crim. App. 1992).

*Common Facts Result in Common Results*

The statute mandates the taking of a blood specimen, and is commonly referred to as requiring a "mandatory blood draw". The applicability, reasoning, and facts of those cases cited by the Court of Appeals do not support the majority decision. The facts in this case are common in other sister courts' opinions with the appellate courts finding that a warrantless, nonconsensual blood draw under Section 724.012(b), absent any exigent circumstances, violates the Fourth Amendment where the officers relied on the mandatory statute. *Forsyth v. State*, 438 S.W.3d 216, 219 (Tex. App. – Eastland July 31, 2014, pet. granted PD-1163-14)( the arrestee was taken directly to hospital, with officer stating that he could not have secured a warrant because that "is not what you do according to law and policy..") ; *Weems v. State*, 434 S.W.3d 615 (Tex. App. – San Antonio May 14, 2014, pet. granted PD-0635-14)(defendant with two prior DWIs and passenger was injured in car crash, and warrantless blood draw because officer relied on law

in the statute ) ; *Douds v. State*, 434 S.W. 842 (Tex. App. – Houston [14th Dist.], June 5, 2014, pet. granted PD-0857-14)(auto accident with injury and officer stated "..his decision to obtain a blood draw was based on his reasonable belief that section 724.012 of the Texas Transportation Code had been satisfied and allowed him to do so.."); *Holidy v. State*, No- 06-13-00261-CR, 2014 Tex. App. LEXIS 4621 at *2-3( Tex. App. – Texarkana April 30, 2014, PD-0622-14) (mem. op., not designated for publication)( after traffic stop, defendant twice before convicted of DWI, consented to blood draw because officer told him he had to consent and had no choice); *Reeder v. State*, 428 S.W.3d 924, 930 (Tex. App. – Texarkana 2014, pet. granted PD-0601-14)(defendant had accident when swerved to miss a deer, taken to hospital, officer had warrantless blood drawn when defendant refused because he had two previous DWIs); *Sutherland v. State*, 436 S.W. 3d 28, 31(Tex. App. – Amarillo 2014, pet. granted PD-0860-14)( after traffic stop, officer testified he relied solely on the mandatory blood draw provision in the Texas Transportation Code when he learned the defendant had two prior DWI convictions provided from dispatch ), *Villarreal v. State*, No. 13-13-00253-CR (Tex. App. Corpus Christi, Jan. 23, 2014, pet. granted PD-0306-14, under submission), *State v. Baker*, 12-12-00092-CR (Tex. App. Tyler 10-16-2013, pet. ref.'d)(mem. op., not designated for publication)(defendant in jet ski accident told by officer that law required him to get warrantless blood draw).

8

*Having to Follow the Law*

Section 724.012(b) of the Transportation Code reads:

A peace officer shall require the taking of a specimen of a person's breath or blood under any of the following circumstances… and the person refuses the officer's request to submit to the taking of a specimen voluntarily:…. (3) at the time of the arrest, the officer possesses or receives reliable information from a credible source that the person:… (B) on two or more occasions, has been previously convicted of or placed on community supervision for an offense under Section 49.04, 49.05, 49.06, or 49.065, Penal Code….(c) The peace officer shall designate the type of specimen to be taken.

TEX. TRANSP. CODE §724.012(b).

Blood draws administered under this statute are commonly called "mandatory blood draws". Because the Section 724.12(b) statute is mandatory, the arresting officer had no discretion but to obtain McGruder's breath or blood when the statutory circumstances existed as here when the officer discovered he had two prior DWI convictions. Prior to the arresting officer forcibly obtaining a warrantless blood draw, McGruder had refused consent for a breath test. The record does not demonstrate any exigent circumstances as an exception to obtaining a warrant. The results of the blood test measured McGruder's blood alcohol at 0.09 BAC. 2RR at 145-147.

As discussed above, when it comes to unlawful searches and seizures, in practice, officers routinely express an interpretation of the law from Section 724.012(b) as requiring them to involuntarily take a defendant's blood under all circumstances as expressed in this appellate court dissenting opinion. When he

9

learned McGruder had two prior DWI convictions, Officer Paris decided not to get a warrant, had McGruder handcuffed to a chair, had his blood involuntarily drawn, ignoring any violation of his Fourth Amendment right to be free from unreasonable search and seizure. 2RR at 90-92. The officer concluded the statute authorized the warrantless mandatory blood draw. 2RR at 91-92. In a recent appellate decision in *Cole v. State* the Texarkana Court of Appeals, in reversing the trial court's denial of the defendants motion to suppress his involuntary blood draw, described the warrant requirement as one of "the most fundamental distinctions between our form of government, where officers are under the law, and the police-state where they are the law.."…and "[t]he exceptions to the rule that a search must rest upon a search warrant have been jealously and carefully drawn..". *Cole v. State*, 06-13-00179-CR at *7 (Tex. App. – Texarkana Dec. 18, 2014, pet filed in PD-0077-15), *citing, Johnson v. United States* , 333 U. S. 10, 17 (1948), and *Jones v. United States*, 357 U. S. 493, 499 (1958).

## *The Texas Two-Step*

In addressing the appellate Court's opinion concluding McGruder claims that Tex. Transp. Code §724.012(b)(3)(B) is facially unconstitutional, the statute *requires* an arresting officer to do a "one-step process" which is actually a "two-step process". The arresting officer is mandated by the law, he "shall", not that he "may", obtain the blood draw evidence of the repeat offender. TEX. GOV'T

10

CODE §311.016(2). But a "one size does not fit all", as the Section 724.012(b) statute does not contain additional Fourth Amendment requirements. Compliance with the Fourth Amendment requires another step of analyzing the totality of the circumstances analysis to the particular facts surrounding a warrantless blood draw. The legislature cannot violate the constitution by the placing the "shall" mandate in the mandatory blood draw statute.

Further, the Texas Court of Criminal Appeals has previously rejected any effort to broaden the "good-faith exception" using federal precedent. An officer's "good faith" reliance on the statute is not enough. TEX. TRANSP. CODE ANN. §724.011; TEX. TRANSP. CODE §724.012 (b); *Douds v. State*, No. 14-12-00642-CR( "…The Texas Court of Criminal Appeals has held that exceptions to the federal exclusionary rule only apply to the Texas statutory exclusionary rule if they are consistent with the plain language of the statute.."), and *citing, Weems v. State*, No. 04-13-00366-CR, slip op. at 14 (Tex. App. –San Antonio, May 14, 2014)( "[T]he implied consent and mandatory blood draw statutes are not exceptions to the Fourth Amendment's warrant requirement..").

Current court of appeals opinions in several cases indicate the finding of a facial constitutionality problem with the Transportation Code 724 statute. Dissenting Justice Davis found, "while it appears that no court has explicitly passed on the facial constitutionality of section 724.012(b) some have criticized the

statute from a Fourth-Amendment perspective with language that I believe indicates a problem with the statute…". *McGruder v. State*, No. 10-13-00109-CR, PD-1263-14, at *2 (*dissenting opinion)*. The officer is presumed to know the law, not the additional requirements to effectuate the law, and make the blood draw valid under all existing circumstances. *State v. Villarreal,* No. 13-13-00253-CR (the statute required the officer to obtain a breath or blood sample, it did not require the officer to do so without first obtaining a warrant).

Also, reliance on the Texas implied consent statue alone is insufficient, because no implied consent statute trumps the 4th Amendment. *Id.*; *Forsyth v. State* at 222(in rebuttal to States' claim that the Supreme Court in *McNeely* cited favorably to implied consent statutes, stating "…*McNeely* did not address whether the implied consent was a valid exception to the warrant requirement… but "did refer to implied consent laws as an example of a tool that States have " to secure BAC evidence without undertaking warrantless nonconsensual blood draws"'). The Supreme Court "did not indicate whether an officer could take a person's blood based on implied consent alone..". *Id.*

*Statute's Silence on Warrant Requirements*

Also, the problem is that Transp. Code Section 724.012(b)(3)(B) is silent on the requirement of search warrants. *Weems v. State,* 434 S.W. 3d 655, Tex. App. LEXIS 5109( the State's argument was rejected that the statute "…mandates blood

12

draws under certain scenarios, [and] is "a reasonable substitute" for the Fourth Amendment's warrant requirement…", and in referring to *McNeely*, the law " …prohibits per se rules that justify an exception to the Fourth Amendment's warrant requirement".). Statutes cannot limit the protections of the Fourth Amendment. *Aviles v. Texas*, 385 S.W.3d 110 (Tex. App. – San Antonio 2012, pet. ref'd), vacated, 134 S. Ct. 902 (2014), op. on remand, Tex. App. LEXIS 8508(Tex. App. – San Antonio Aug. 6, 2014, pet. granted PD-1055-14); *Villarreal v. State*, No. 13-13-00253-CR,(Tex. App.– Corpus Christi January 23, 2014, pet. granted PD-0306-14, reh. granted, Feb. 25, 2015); *Sibron v. New York*, 392 U. S. 40 (1968)( "..New York is, of course, free to develop its own law of search and seizures to meet the needs of local law enforcement…It may not, however authorize police conduct which trenches upon Fourth Amendment rights, regardless of the labels which it attaches to such conduct.."); *State v. Johnston*, 336 S.W.3d 649, 661 (Tex. Crim. App. 2011).

As argued by the *McGruder* dissent, "[p]lainly, the statute's silence on warrants explains the officers' views that the statute authorizes them to compel warrantless blood draws", and although it "…does not explicitly require an officer to obtain a blood or breath sample without a warrant..", "… it also does not instruct an officer to obtain a warrant in the absence of exigent circumstances". *McGruder v. State*, No. 10-13-00109-CR at *3(dissenting opinion). The Section 724.012 (b)

"silent statute" allows unguided and unrestrained discretion to an arresting officer to determine if exception exists allowing a warrantless blood draw. *Id*. at \*5.

Other sister courts have held a warrantless, nonconsensual blood draw under the statute, absent exigent circumstances, violates the Fourth Amendment. *Cole v. State* , No.06-13-00179-CR (December 18, 2014)(searches outside the judicial process, without prior approval by a judge or magistrate, are per se unreasonable under the Fourth Amendment, subject only to a few specifically established and well-delineated exceptions); *State v. Baker*, No.12-12-00092-CR at \*5, 12 (Tex. App. – Tyler, Oct. 16, 2013, pet. ref'd)(mem. op., not designated for publication).

The dissenting *McGruder* Justice concluded, even though no court has passed on the facial constitutionality of Section 724.012(b), some have indicated a facial problem with the statute. *Id.* at \*2; citing, *Forsyth v. State*, 438 S.W.3d 216(Tex. App. – Eastland July 31, 2014); *Holidy v. State*, No. 06-13-00261-CR (Tex. App. –Texarkana April 30, 2014); *Sutherland v. State*, No. 07-12-00289-CR (Tex. App. – Amarillo, April 7, 2014); and *see also, State v. Anderson*, No. 09-13-00400-CR(Tex. App. – Beaumont, October 8, 2014)(accident where a child was injured, and evidence was suppressed by trial court where defendant was told mandatory blood draw was required). The appellate court in *Anderson* seemed to look at the facial constitutionality of Section 724, but did not rule on the State's claim of implied consent because it found the original trial court's decision did not

14

find 724.011 unconstitutional because "we have no reason to fault the constitutionality of the mandatory blood draw statute in this case because it did not require [the officer] to obtain a blood draw without first securing a warrant…..It is the officer's failure to obtain a warrant and the State's failure to prove an exception to the warrant requirement, not the mandatory nature of the blood draw provision, that the trial court determined violates the Fourth Amendment..".

## *Majority Reliance on Beeman*

The *McGruder* majority opinion supported its findings by agreeing with the *Beeman* opinion language that "[t]his does not give officers the ability to forcibly obtain blood samples from anyone arrested for DWI" to support their position and conclusion. *McGruder v. State*, at *7-8. But, as the dissenting justice pointed out, *Beeman* is not controlling as it involved a warrant, the language cited was *dicta*, and the Texas implied consent statute at that time did not contain the provision directing officers to take a blood specimen of a twice previously convicted DWI arrestee. *McGruder v. State* at *3-4(dissenting opinion); *Beeman v. State*, 86 S.W.3d 613, 616 (Tex. Crim. App. 2002); *Forsyth v. State* at 221.

Finding Section 724.012(b) does not instruct the officer to obtain a warrant in the absence of exigent circumstances, the dissent correctly concluded that the officer "..did compel or forcibly obtain a blood sample without the defendant's consent *solely because of* section 724.012(b)..". *McGruder*

15

*v. State*, at *3(dissenting opinion). The majority's reasoning based on the *Beeman* opinion is not applicable to the facts in this case, and has recently been determined to be found un-controlling law by this Court and other court of appeals. *See*, *State v. Anderson*, No. 09-13-00400-CR (Tex. App. – Beaumont, Oct. 8, 2014)(rejecting the State's argument, "…[i]n light of the holding in *McNeely*, and the inapposite facts before us, we find the *dicta* in *Beeman* is not controlling); *Weems v. State*, 434 S.W.3d 655(Tex. App. – San Antonio, 2014, pet. granted, PD-0635-14)( reliance on *Beeman* dicta rejected after the Supreme Court granted certiorari and vacated the judgment in *Aviles*); *Aviles v. State*, 385 S.W.3d 110 (Tex. App.—San Antonio 2012), *vacated*, 134 S. Ct. 902 (2014), *op. on remand*, Tex. App. LEXIS 8508(Tex. App. – San Antonio Aug. 6, 2014, pet. granted PD-1055-14).

This case illustrates the severe consequences and excessive State conduct the statute mandates. Appellant was arrested for driving after drinking one large beer, having had two prior convictions 17 and 18 years ago, and after refusing to give his consent to his blood draw, he was involuntarily chained to a chair for the State to get their mandated blood evidence to obtain a conviction. STATE EXHIBIT Nos. 17, 22, 23.

## *Other issues not addressed*

The Tenth Court of Appeals by considering on the facial constitutional argument, failed to address McGruder's other issues. Regardless of whether the

term "mandatory" applies to the actions of the officer, i.e., "you have to get the defendant's blood", or to the actions of the defendant, i.e., "you have to give up your blood", as set out in *Villerreal*, the State must have a warrant or one of the recognized exceptions to a warrant. *Villarreal v. State*, (No. 13-13-00253-CR, Tex. – Corpus Christi January 23, 2014, pet. granted PD-0278-14).

The taking of McGruder's blood and the evidence obtained therein used to convict him in the absence of a warrant and with no applicable exception to the warrant requirement violated the Fourth Amendment. Admission of the warrantless blood draw evidence violated Appellant's constitutional rights, and contributed to his conviction.

The Court of Appeals erred in finding the facial constitutionality challenge failed, and failed to address other arguments. The applicability, reasoning, and facts of those cases used to support the majority's opinion do not support the court of appeals decision. The justices have disagreed on a material question of law. The appellate court's rationale conflict's with other appellate courts' on this issue, and calls for this Court's supervision.

## CONCLUSION AND PRAYER

WHEREFORE, Appellant, MICHAEL ANTHONY MCGRUDER, prays

that the Court of Criminal Appeals after full briefing on the merits, that the case be

set for submission, and that after submission, this Court reverse the decision of the

Tenth Court of Appeals and remand the cause to the trial court for a new trial.


RESPECTFULLY SUBMITTED,

/s/ MARY JO HOLLOWAY
Mary Jo Holloway
Attorney at Law
10222 Old Stagecoach
Chappell Hill, Texas 77426
(979) 830-1210
FAX: (979) 830-5538
TBN: 09887175
mjholloway44@hotmail.com

ATTORNEY  FOR  MICHAEL  MCGRUDER

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 26th day of February, 2015 the

following has been completed:

(1)     10 copies of the above and foregoing petition for discretionary appeal have

been mailed by U.S. Mail to the Clerk of the Court of Criminal Appeals,

State of Texas, for filing pursuant to TRAP §9.2; 9.3(b) ;

(2)     Document has been sent by electronic service through the Electronic Filing

Manager to:

Clerk of the Court of Criminal Appeals
Supreme Court Building
P.O. Box 12308
Austin, Texas 78711,     for filing pursuant to TRAP 9.2; 9.3(b);

Copies have been emailed/eserved to the following parties:

1.      State Prosecuting Attorney, Lisa C. McMinn
        P.O. Box 13046
        Capitol Station
        Austin, Texas 78711
        Email: information@spa.texas.gov
                LisaMcMinn@SPA.texas.gov

2.      Brazos County District Attorney's Office
        Jarvis Parsons, District Attorney
        c/o Doug Howell, Asst. District Attorney
        300 East 29th Street
        Bryan, Texas 77803
        dhowell@brazoscountytx.gov
by electronic service through the Electronic Filing Manager.

/s/ MARY JO HOLLOWAY
MARY JO HOLLOWAY

19

## CERTIFICATE OF COMPLIANCE WITH TEX.R.APP.P. 9.4

I certify that the foregoing document has a word count of  4,633 words based on the word count program in Word 2010.

/s/ MARY JO HOLLOWAY

MARY JO HOLLOWAY